UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN CALDERON, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| CITY OF CHICAGO, | ) | |
| IVAR MONDRAGON, | ) | |
| DAVID BROWN, | ) | |
| OMAR NDO, and | ) | |
| P K PETRO INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claim is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a resident of Chicago.

5. At all times relevant to this Complaint, Defendant-Officers Mondragon (star 16929) and Brown (star 15887) were duly appointed and sworn police officers for the Chicago Police Department.

6. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. Defendant City of Chicago is a municipal corporations, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

9. Defendant P K Petro Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois.

10. At all times relevant to this Complaint, Defendant Omar Ndo was employed by P K Petro Inc., as a clerk at the Marathon gas station located at 7001 South Stony Island Avenue in Chicago, Illinois, and was acting in the course and scope of his employment.

11. At all times relevant to this Complaint, P K Petro Inc. owned and operated the Marathon gas station located at 7001 South Stony Island Avenue in Chicago, Illinois.

## Facts

12. On or about July 12, 2012, at about 1:30 p.m., Plaintiff attempted to purchase gas at a Marathon gas station at 7001 South Stony Island Avenue in Chicago, Illinois.

13. Plaintiff presented Omar Ndo with his Marathon credit card.

14. Ndo charged the card for $10.00 worth of gas.

15. Plaintiff's name appeared on the Marathon credit card.

16. Plaintiff was an authorized user of the Marathon credit card.

17. The last four digits of the card number on the paper receipt (4000) did not match the last four digits of Plaintiff's credit card (3514).

18. Ndo accused Plaintiff of credit card fraud.

19. Plaintiff explained to Ndo that he was an authorized user of the credit card.

20. Plaintiff called the police as a result of Ndo accusing Plaintiff of credit card fraud.

21. Defendant-Officers Mondragon and Brown arrived at the gas station.

22. Ndo accused Plaintiff of credit card fraud to the Defendant-Officers.

23. Ndo told the Defendant-Officers that the last four digits on the receipt (4000) did not match the credit card (3514).

24. Ndo told the Defendant-Officers that the credit card did not have an expiration date.

25. Plaintiff explained to the Defendant-Officers that he was an authorized user of the credit card.

26. Plaintiff also explained to the Defendant-Officers that Marathon credit cards do not have expirations dates like Visa or Mastercard credit cards.

27. Defendant Mondragon contacted Marathon and spoke with a representative who confirmed to Mondragon that Tomas Calderon (Plaintiff's father) was the primary credit card

holder and that Plaintiff was an authorized user.

28. Mondragon confirmed with the Marathon representative that the credit card number ends in 3514.

29. Mondragon had Ndo re-run the credit card and again the receipt contained the digits 4000.

30. Despite having confirmed that Plaintiff was a valid user of the credit card, Defendant-Officers arrested Plaintiff.

31. Despite having confirmed that Plaintiff was a valid user of the credit card, Ndo insisted the Plaintiff was using a fake credit card.

32. Plaintiff never obtained any gas on July 12, 2012, from the Marathon gas station.

33. Ndo's wife had been in a minor traffic accident with Plaintiff's wife and Ndo mentioned the traffic incident during Plaintiff's arrest.

34. Defendant Brown drafted and clerked a criminal complaint against Plaintiff for the offense of deceptive practice, alleging that Plaintiff had knowingly and unlawfully used a fake credit card number not issued to him to defraud "Marathon Gas Station/P.K. Petro/Agent Omar Ndo" of $10 of gas in violation of 720 ILCS 250/9.

35. Ndo signed, under oath, a criminal complaint against Plaintiff for the offense of Deceptive Practice, alleging that Plaintiff had knowingly and unlawfully used a fake credit card number not issued to him to defraud Marathon Gas Station/P.K. Petro/Agent Omar Ndo of $10 of gas in violation of 720 ILCS 250/9.

36. The case was docketed in the Cook County Circuit Court as: People v. Calderon, Number 12121796101.

37. Plaintiff spent approximately seven hours in custody.

38. Plaintiff hired attorney Lillian McCartin to represent him in the criminal case.

39. On August 10, 2012, Ndo failed to appear in court on the criminal case against Plaintiff.

40. On August 10, 2012, the Defendant-Officers failed to appear in court on the criminal case against Plaintiff.

41. On August 10, 2012, the criminal case was stricken with leave to reinstate.

42. The criminal case was not reinstated.

43. As a direct and proximate result of the acts described above, Plaintiff suffered damages including loss of physical liberty, loss of time, emotional distress, and attorneys' fees.

## COUNT I
### (42 U.S.C. § 1983 - False Arrest - Defendant-Officers)

44. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

45. Defendant-Officers arrested Plaintiff.

46. Defendant-Officers did not have probable cause that Plaintiff had committed a criminal offense.

47. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers Mondragon and Brown,

b) Award Plaintiff compensatory damages for loss of physical liberty, loss of normal life, emotional distress and attorney's fees incurred in defending the false charges;

c) Award Plaintiff punitive damages,

d) Award costs and attorneys' fees, and

e) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 - False Arrest - Conspiracy - Omar Ndo)

48. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

49. Ndo acted jointly and in concert with the Defendant-Officers to arrest Plaintiff, such that Ndo acted under color of law.

50. Ndo did not have a good faith belief that Plaintiff had committed a criminal offense.

51. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Omar Ndo,

b) Award Plaintiff compensatory damages for loss of physical liberty, loss of normal life, emotional distress and attorney's fees incurred in defending the false charges;

c) Award Plaintiff punitive damages,

d) Award costs and attorneys' fees, and

e) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Malicious Prosecution)

52. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

53. Defendant-Officers and Ndo instituted criminal charges against Plaintiff for deceptive practice.

54. There was no probable cause for the charges.

55. The case was terminated in Plaintiff's favor.

56. Defendant-Officers and Ndo acted with malice.

57. As a result of the false charges against Plaintiff, Plaintiff suffered damages including loss of physical liberty, loss of time, attorney's fees for defense of the charges, and emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers and Ndo,

b) Award Plaintiff compensatory damages for loss of physical liberty, loss of normal life, and attorneys' fees incurred for the criminal case,

c) Award Plaintiff punitive damages,

d) Award costs, and

e) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (*Respondeat Superior* Claim: P K Petro Inc.)

58. The acts of Ndo described in the above state-law claim were committed in the scope of employment.

59. Pursuant to *respondeat superior*, Defendant P K Petro Inc. is liable for its agent's actions.

WHEREFORE, Plaintiff demands judgment against Defendant P K Petro Inc., and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (*Respondeat Superior* Claim: City of Chicago)

60. The acts of the Defendant-Officers Mondragon and Brown described in the above state-law claim were willful and wanton and committed in the scope of their employment.

61. Pursuant to *respondeat superior*, Defendant City of Chicago is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

62. The acts of the Defendant-Officers described in the above claims were committed in the scope of employment.

63. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

s/ Amanda S. Yarusso
*Counsel for Plaintiff*

Lawrence V. Jackowiak
Amanda S. Yarusso
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595